IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EARL LAMAR WELCH,

      Plaintiff,

v.

CITIBANK,N.A. and ZAKHEIM &
LAVRAR, P.A.,

      Defendants.

CIVIL ACTION FILE NO:

1:15-cv-3618-CAP-CMS

## <u>ORDER AND NON-FINAL REPORT AND RECOMMENDATION</u>

This case is before the Court on the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted filed by Defendants Citibank, N.A. ("Citibank") and Zakheim & LaVrar, P.A. ("Z&L"). (Doc. 29). Also before the Court is Plaintiff Earl Lamar Welch's Motion for Leave to File a Sur-Reply. (Doc. 36). For the reasons stated below, I **RECOMMEND** that Defendants' Motion to Dismiss (Doc. 29) be **GRANTED IN PART AND DENIED IN PART**, and **ORDER** that Plaintiff's Motion for Leave to File a Sur-Reply (Doc. 36) be **DENIED**.

# I.    PROCEDURAL HISTORY

Plaintiff, proceeding through counsel, filed the complaint initiating this action on October 13, 2015, alleging, among other things, violations of the Fair Debt Collection Practices Act ("FDCPA") against Citibank and Citibank's law firm, Z&L.   (Doc. 1).   Defendants each filed a motion for judgment on the pleadings (Docs. 14, 15), and in response, Plaintiff filed a motion to amend the complaint (Doc. 16).   On May 11, 2016, Plaintiff's motion for leave to amend was granted, and Defendants' motions for judgment on the pleadings were denied as moot.  (Doc. 26).

Plaintiff filed his amended complaint on May 13, 2016 (the "Amended Complaint") (Doc. 27), which is the operative pleading, and Defendants filed their motion to dismiss the Amended Complaint (Doc. 29) on May 25, 2016.   Plaintiff filed a response in opposition to the motion to dismiss (Doc. 32), and Defendants replied (Doc. 34).   Thereafter, Plaintiff filed a motion for leave to file a sur-reply brief.  (Docs. 35, 36).

## II.    ALLEGATIONS IN THE AMENDED COMPLAINT[1]

Plaintiff alleges that Defendant Citibank is a "collection agency," and that Defendant Z&L is a law firm employed by Citibank to collect on a debt incurred by a man with a name similar to Plaintiff's name.  (Doc. 27, Amended Complaint ("Am. Compl.") ¶¶ 5, 6).  Plaintiff alleges that the debtor's name is Lamar F. Welch ("Lamar"), while Plaintiff's name is Earl Lamar Welch.  (Id. ¶¶ 7-8). Plaintiff alleges that Z&L "made numerous collection calls to Plaintiff" and sent a dunning collection letter to Plaintiff in an attempt to collect on Lamar's debt.  (Id. ¶¶ 9, 11).  According to the Amended Complaint, on January 5, 2015, Plaintiff told Z&L to stop communicating with him, but Z&L persisted in its collection efforts. (Id. ¶¶ 12, 14).  Plaintiff alleges that although he advised Z&L that there had been a mistake, that he was not Lamar, and that the debt was not his, Defendants nevertheless filed a collections complaint against him in state court on February 17, 2015, in an attempt to collect on Lamar's debt.  (Id. ¶¶ 19-21).  According to the Amended Complaint, Defendants did not dismiss the state court lawsuit until

---

[1]   The following fact statement is taken from the allegations in the Amended Complaint, which are accepted as true for the purposes of this motion to dismiss. See Murphy v. DCI Biologicals Orlando, LLC, 797 F.3d 1302, 1305 (11th Cir. 2015).

months after being made aware that Plaintiff was not legally responsible for the debt, and even then, the dismissal was without prejudice.  (Id. ¶ 26).

Plaintiff raises three causes of action: violation of the FDCPA against Z&L (Count 1); invasion of privacy by intrusion upon seclusion against both Citibank and Z&L (Count 2); and violation of the Georgia Fair Business Practices Act ("FBPA") against Citibank (Count 3).

### III.   DEFENDANTS' MOTION TO DISMISS (DOC. 29)

In their motion to dismiss, Defendants argue that the Amended Complaint should be dismissed because it fails to state a plausible claim for relief.  (Doc. 29). Defendants argue that the Amended Complaint lacks sufficient factual allegations to state a claim against either Defendant.

For the reasons stated below, I **RECOMMEND** that Defendant's motion to dismiss Plaintiff's FDCPA claims (Count 1) be **GRANTED** with regard to Plaintiff's claims under 15 U.S.C. §§ 1692c, 1692e, 1692f, and 1692i; and **DENIED** as to Plaintiff's claims under 15 U.S.C. § 1692d.   I further **RECOMMEND** that Defendants' motion to dismiss Plaintiff's invasion of privacy claims (Count 2) and FBPA claim (Count 3) be **GRANTED**.

A. **Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)).  In considering a motion to dismiss, the court must eliminate any allegations in the complaint that are merely legal conclusions, and then, where there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010).  Although reasonable inferences are made in a plaintiff's favor in considering a motion to dismiss, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).  In addition,

courts may infer from the factual allegations in the complaint "obvious alternative explanations" that suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.  <u>Twombly</u>, 550 U.S. at 567.

**B.     <u>Violations of the FDCPA (Count 1)</u>**

In Count 1, Plaintiff alleges that Z&L violated Sections 1692c, 1692d, 1692e, 1692f, and 1692i by trying to collect Lamar's debt from Plaintiff.  (Am. Compl. ¶¶ 13, 14, 19, 35, 37-39).  Plaintiff claims entitlement to actual damages, statutory damages, and attorney's fees as a result of Z&L's alleged violations of the FDCPA.  (<u>Id.</u> ¶ 39).  Defendants argue that each of the FDCPA claims fail as a matter of law for the reasons discussed below.  (Doc. 29).

1.     <u>15 U.S.C. § 1692c</u>

Section 1692c(c) of the FDCPA provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . .

15 U.S.C. § 1692c(c).  Communication is still allowed for certain limited purposes such as notifying the consumer that the creditor has the ability to invoke specific remedies, or that the creditor intends to invoke such a remedy.  § 1692c(c)(2)-(3).

6

Defendants argue that Plaintiff's Section 1692c claim fails because there is no allegation that Plaintiff notified Z&L in writing to cease communications. (Doc. 29-1 at 9-10).  Plaintiff effective concedes the point by failing to respond to this argument in his opposition to the motion to dismiss.  (See Doc. 32). Regardless, Defendants' argument is well taken as the Amended Complaint contains no allegations that Plaintiff notified Z&L in writing to cease communications, and there are no exhibits attached to the Amended Complaint demonstrating that such a written communication occurred.  Thus, the Amended Complaint contains no allegations that would trigger the prohibition on communication set forth in Section 1692c.

Accordingly, **I RECOMMEND** that Defendant's motion to dismiss Plaintiff's claim under 15 U.S.C. § 1692c(c) be **GRANTED** and that Plaintiff's claim under 15 U.S.C. § 1692c(c) be **DISMISSED**.

2.     15 U.S.C. § 1692d

Plaintiff next alleges that he was abused and harassed by Z&L in violation of Section 1692d of the FDCPA, which provides as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.  Defendants argue that Plaintiff's Section 1692d claims fail because there are no allegations to suggest that Z&L's conduct rose to the level of harassment or abuse.  (Doc. 29-1 at 10-11).  In response, Plaintiff argues that Z&L violated Section 1692d by harassing him through repeated requests to pay a debt Z&L knew was not his and by suing him.  (Doc. 32 at 18-19).

It is evident that the Amended Complaint does not allege any of the six behaviors set forth in 15 U.S.C. § 1692d.  However, Section 1692d is explicitly not

limited to the conduct proscribed by subsections (1)-(6).  The Eleventh Circuit instructs that "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."  Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985).  "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury."  Id.; see Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1305-06 (11th Cir. 2015) (applying Jeter).  While the statute prohibits certain conduct, there is no legally established number or pattern of calls sufficient to establish intent to annoy, harass, or oppress.  What is determinative under this statute is not the debt collector's intent, but the natural consequence of his actions.  15 U.S.C. § 1692d; Taylor v. Heath W. Williams, L.L.C., 510 F. Supp. 2d 1206, 1216 (N.D. Ga. 2007).

Arguing that the facts alleged simply do not rise to the level of harassment or abuse, Defendants point out that the Amended Complaint does not allege the number of calls, the content of the calls, or the times of the calls, and Defendants note that the collection suit that Plaintiff apparently answered did not actually name Plaintiff as a defendant.  (Doc. 29-1 at 11).

A review of the Amended Complaint reveals the following facts: that Z&L made "numerous collection calls" to Plaintiff and wrote one "dunning collection

letter" to Plaintiff in an attempt to collect Lamar's debt (Am. Compl. ¶¶ 9, 11); that at some unspecified time prior to February 17, 2015, "Plaintiff disputed the alleged debt to Defendant [Z&L]" and made Z&L aware of the mistake[2] (id. ¶¶ 10, 21); that on January 5, 2015, "Plaintiff told Defendant [Z&L] to cease and desist any further contact with Plaintiff" (id. ¶ 12); that Z&L made "continued phone calls" after Plaintiff demanded that further contact cease (id. ¶ 14); and that, after Plaintiff informed Z&L that he was not Lamar and that the debt was not his, Defendants nevertheless filed a collection lawsuit in state court, to which Plaintiff filed an answer (id. ¶¶ 19-21).

With respect to the collection suit, the Amended Complaint repeatedly accuses Z&L of filing the lawsuit against Plaintiff, who was the wrong party. (Am. Compl. ¶¶ 21, 22, 23, 27, 28, 29, 30, 31, 32). That allegation, however, is contradicted by the actual court filings in the state court collection case (which were attached as exhibits to the Amended Complaint) that reflect that the named defendant is "Lamar F Welch," the person who everyone appears to agree is the actual debtor. (Doc. 27-1 at 3). Plaintiff's name does not appear anywhere on the collection complaint, either as an alias or otherwise.

---

[2] Plaintiff does not state how or when he advised Z&L of the mistake, but alleges, in paragraph 21 of the Amended Complaint that it was before Z&L filed the collection suit in state court on February 17, 2015. (Am. Compl. ¶¶ 21-22, 29-32).

While I agree with Defendants that the Amended Complaint is sparse on details[3] (and misrepresents who the named parties were to the collection suit), I cannot say at this point in the case that the facts alleged do not plausibly give rise to an entitlement to relief under Section 1692d.  Construing the allegations in Plaintiff's favor, Plaintiff alleges that Z&L knew that it was contacting the wrong person in its collection efforts and that Z&L knew that the wrong person would be served with (and might answer) the state court collection complaint.  Although a sophisticated consumer might be well-equipped to handle a process server and elect not to answer a complaint against a person with a similar name, the Eleventh Circuit instructs that we must view the alleged conduct from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse.  See Jeter, 760 F.2d at 1179.  Given these guidelines, I **RECOMMEND** that Defendants' motion to dismiss Plaintiff's Section 1692d claim be **DENIED**.

---

[3]   Noticeably absent from the Amended Complaint are facts that would be probative as to Z&L's intent, such as whether Lamar and Plaintiff ever lived at the same address; what, if anything, Plaintiff told Defendants when he disputed the debt; and what the consequences were of the state court collection lawsuit.

3.    15 U.S.C. § 1692e

Plaintiff also asserts that Z&L violated Section 1692e of the FDCPA, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Defendants argue that Plaintiff's Section 1692e claims fail because there are no allegations that Z&L made a false or misleading representation to Plaintiff.  (Doc. 29-1 at 11-12). In response, Plaintiff seems to argue that by suing the proper party (Lamar) and attempting to serve the complaint at Plaintiff's address, Z&L was making a misrepresentation about who the debtor actually was. [4]  (Doc. 32 at 21).

After reviewing the factual allegations in the Amended Complaint, I agree with Defendants and find that there are no allegations that Z&L made any false or misleading representations to Plaintiff.  Absent such allegations, Plaintiff's Section 1692e fails as a matter of law.  See Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1274 (11th Cir. 2016) ("whether [the plaintiff] alleges facts sufficient to state a claim under § 1692e is a legal question for the court.") (citing Miljkovic, 791

---

[4]  This argument is unclear.  For example, Plaintiff attempts to avoid the fact that Z&L sued the proper party by saying "the name on the complaint and summons was incorrect."  (Doc. 32 at 21).  It is unclear whether Plaintiff is attempting to allege that Z&L intended to sue him, but mistakenly put the actual debtor's name on the complaint, or is attempting to allege some other scenario.  As noted above, Plaintiff's name was not listed as an alias, and his name does not appear anywhere in the collection complaint.  (See Doc. 27-1 at 3).

F.3d at 1307 n. 11).  Accordingly, I **RECOMMEND** that Defendant's motion to dismiss Plaintiff's Section 1692e claim be **GRANTED** and that his Section 1692e claim be **DISMISSED**.

4.    15 U.S.C. § 1692f

Defendants argue that Plaintiff's Section 1692f claim fails because that code section does not provide a basis for a separate claim for complained of conduct that is already explicitly addressed by other sections of the FDCPA.  (Doc. 29-1 at 12-14).  Courts, including judges in this district, have interpreted Section 1692f, titled "unfair practices," as providing a cause of action for conduct that is not specifically listed in any other provision of FDCPA.  See Taylor, 510 F.Supp.2d at 1217 (N.D.Ga. 2007) (citing cases); Austin v. Frederick J. Hanna & Assocs., P.C., No. 1:14-CV-00561-SCJ-JF, 2014 WL 4724885, at *8-9 (N.D. Ga. July 10, 2014), report and recommendation adopted, 2014 WL 7335467 (N.D. Ga. Dec. 23, 2014). When, however, a plaintiff attempts to raise a separate cause of action based on the same conduct upon which the plaintiff relies to assert another FDCPA cause of action, the claim is deficient because it does not identify any misconduct beyond that which the plaintiff asserts violate other provisions of the FDCPA.  Taylor, 510 F. Supp. 2d at 1217 (citing Foti v. NCO Fin. Sys., Inc., 424 F.Supp.2d 643, 667 (S.D.N.Y.2006)).  I find the decision in Taylor and other district courts reaching

the same conclusion persuasive.  This is the situation here; Plaintiff is attempting to use Section 1692f to recover for the same conduct for which it seeks relief under Section 1692d.   Accordingly, I **RECOMMEND** that Defendants' motion to dismiss Plaintiff's Section 1692f claim, which is based on alleged harassment and abuse that forms the basis for his Section 1692d claim, be **GRANTED** and that Plaintiff's Section 1692f claim be **DISMISSED**.

5.   15 U.S.C. § 1692i

Section 1692i addresses the venue where a debt collector may bring suit on a debt.  In their response, Defendants admit that the state court collection case against Lamar was filed in two different venues (Gwinnett County and Henry County) but contend that Plaintiff cannot claim violation of this section because the lawsuits were brought against the proper party, Lamar, and not against Plaintiff.  (Doc. 29-1 at 15).  Plaintiff effective abandons any claim under this section of the FDCPA by failing to respond to this argument.  (See Doc. 32).  In any event, the state court collection complaint and other filings attached to the Amended Complaint were filed in the State Court of Henry County, in the state of Georgia (Docs. 27-1, 27-2), which is the county that Plaintiff identifies as his residence (Am. Compl. ¶4).  Moreover, there are no allegations to suggest that any violation was intentional such as that Plaintiff objected to the venue of either of the

14

state court collection cases or that Z&L failed to correct the venue once on notice that the action was filed in the wrong county.

For these reasons, I **RECOMMEND** that Defendant's motion to dismiss Plaintiff's claim under 15 U.S.C. § 1692i be **GRANTED** and that Plaintiff's Section 1692i claim be **DISMISSED**.

## C.    <u>Invasion of Privacy by Intrusion upon Seclusion (Count 2)</u>

In Count 2, Plaintiff alleges that the collection efforts by Citibank and Z&L amount to the state law tort of invasion of privacy by intrusion upon seclusion. (Am. Compl. ¶¶ 40-47). Plaintiff claims entitlement to actual damages (for his emotional distress) and punitive damages as a result of Defendants' alleged invasion of his privacy. (<u>Id.</u> ¶¶ 46, 47). Defendants argue that this claim should be dismissed because under Georgia law, the tort of invasion of privacy by intrusion upon seclusion requires a physical intrusion, which is absent from Plaintiff's allegations. (Docs. 29-1 at 4; 34 at 1-3). Plaintiff responds that a "physical intrusion" is not a necessary element for invasion of privacy by intrusion upon seclusion. (Doc. 32 at 5-9).

The tort of intrusion upon the seclusion or solitude of a plaintiff, or into his private affairs, is one of the four categories of invasion of privacy claims in Georgia. <u>Yarbray v. Southern Bell Tel. & Telegraph Co.</u>, 409 S.E.2d 835, 836 (Ga.

1991).  Such a claim "involves a prying or intrusion, which would be offensive or objectionable to a reasonable person, into a person's private concerns."  Id. at 837. An essential element of this tort is a physical intrusion analogous to a trespass. Anderson v. Mergenhagen, 642 S.E.2d 105, 109 (Ga. Ct. App. 2007).  Georgia courts have consistently adhered to the requirement of a "physical" intrusion, but with the understanding that the "physical" requirement can be met by showing that the defendant conducted surveillance on the plaintiff or otherwise monitored the plaintiff's activities.  See Benedict v. State Farm Bank, FSB, 709 S.E.2d 314, 318 (Ga. Ct. App. 2011) (citing Anderson, 642 S.E.2d at 109).

Here, Plaintiff argues that his claim is based on the following "invasions of his privacy" by Defendants: (1) they "collected against Plaintiff for a number of years;" (2) "made numerous collection calls" even after they were informed that they "were calling the wrong person;" (3) "sent a dunning collection letter to Plaintiff's residence;" (4) served a summons and complaint at Plaintiff's residence; and (5) "reached into Plaintiff's life and drug him into Court."  (Doc. 32 at 8). Plaintiff has not alleged that either Defendant made any physical intrusion analogous to trespass or that either Defendant conducted surveillance on him or otherwise monitored his activities.  Absent such allegations, Plaintiff fails to state a claim for intrusion upon seclusion.  See Benedict v. State Farm Bank, FSB, 709

S.E.2d at 318-19. Accordingly, I **RECOMMEND** that Defendants' motion to dismiss Plaintiff's invasion of privacy claim (Count 2) be **GRANTED**.

## D.   <u>Violation of the FBPA (Count 3)</u>

In Count 3, Plaintiff alleges that Citibank violated Georgia's FBPA (O.C.G.A. § 10-1-393(a)) and claims entitlement to actual damages, treble damages, and attorney's fees as a result.  (Am. Compl. ¶¶ 48-60).  The FBPA outlaws "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce[.]"  O.C.G.A. § 10-1-393(a).  For conduct to be actionable under the FBPA, it must fall within that class of conduct made unlawful by O.C.G.A. § 10-1-393(a), which proscribes unfair or deceptive acts or practices in trade or commerce, and serves the public interest and implement the purpose of the FBPA, that is to end unfair or deceptive acts or practices in the marketplace.  <u>See</u> <u>Maralle v. Gwinnett Place Ford</u>, 271 S.E.2d 659, 664 (Ga. Ct. App. 2005); <u>Larson v. Tandy Corp.</u>, 371 S.E.2d 663, 666 (Ga. Ct. App. 1988).

Defendants argue, among things, that Plaintiff has not alleged that Citibank performed an "unfair or deceptive act" because Plaintiff has alleged no misrepresentation on the part of Citibank.  (Doc. 29-1 at 6-7).  In response, Plaintiff cites to cases discussing "robocalling" and "computerized" calls as being

"unfair or deceptive," even though Plaintiff makes no allegations in his Amended Complaint about robocalling or computerized calls.  (Doc. 32 at 12).  Plaintiff argues further that Citibank made a misrepresentation when Citibank "represent[ed] that this Plaintiff owed Citibank money after Plaintiff repeatedly told them that Citibank had the wrong guy."  (Id. at 13).  As noted above, however, the state collection suit clearly named Lamar (the debtor), not Plaintiff, as the defendant, and Plaintiff does not allege in his Amended Complaint that Plaintiff "repeatedly" told the callers that they "had the wrong guy."  As I previously determined, there are no allegations in the Amended Complaint that Defendants made any false or misleading representations to Plaintiff.

While Plaintiff's allegations, viewed in the light most favorable to him, arguably reflect that Z&L may have "harassed" Plaintiff by continuing to try to collect Lamar's debt by calling Plaintiff's telephone number and trying to serve Lamar at Plaintiff's address, those allegations simply do not allege "unfair or deceptive" acts.  See Standish v. Hub Motor Co., 254 S.E.2d 416, 417 (Ga. Ct. App. 1979) (unfair or deceptive acts or practices within the meaning of O.C.G.A. § 10-1-393(a) "would necessarily be attended by some [form of] reprehensible conduct on the part of the defendant").  Because Plaintiff fails to allege any unfair or deceptive acts, I **RECOMMEND** that Defendants' Motion to Dismiss the

18

FBPA claim be **GRANTED** and that that Plaintiff's FBPA claim be **DISMISSED** on this basis.

Defendants argue, as an additional ground for dismissal, that Plaintiff failed to allege facts showing that he complied with the ante litem requirement set forth in O.C.G.A. § 10-1-399(b). (Doc. 29-1 at 5-6). That section requires "a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered" to be filed at least 30 days prior to filing an FBPA action. There is an exception to the ante litem requirement: "The demand requirements of this subsection shall not apply if the prospective respondent does not maintain a place of business or does not keep assets within the state." O.C.G.A. § 10-1-399(b).

In response to Defendants' motion to dismiss, Plaintiff contends that he was not required to comply with the ante litem notice requirement because his case falls within the above-quoted exception. (Doc. 32 at 10-11). While I agree with Defendants that the Amended Complaint does not allege either (1) that Plaintiff provided Citibank with the written demand or (2) that Citibank does not maintain a place of business or keep assets within the state, it is not clear that such an allegation is necessary to survive a Rule 12(b)(6) motion to dismiss. While Defendants rely on <u>Alvear v. Sandy Springs Toyota, Inc.</u>, 775 S.E. 2d 172, (Ga. Ct.

App. 2015) for the proposition that a FBPA plaintiff must either allege that he complied with the ante litem statute or allege facts to show that the exception applies, that case involved the appeal of a trial court's grant of summary judgment. I find that this issue appears better suited for resolution on a motion for summary judgment than a motion to dismiss. In the event the District Court disagrees with my recommendation and allows this claim to proceed, Citibank may file a motion for summary judgment on this defense at such time as it chooses.

Finally, Defendants argue that the FBPA does not apply to this case because banks are regulated entities. (Doc. 29-1 at 7-8). In light of my conclusion that Plaintiff has failed to allege facts to show that Citibank committed any unfair or deceptive act, I have not addressed this argument.

## IV.   PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Plaintiff filed a motion for leave to file a sur-reply brief (Doc. 36) in which he seeks leave to takes issue with Defendants' reliance upon Gibson v. Rosenthal, Stein, & Assocs., LLC, No. 1:12-CV-2990-WSD, 2013 WL 3367255, at *1 (N.D. Ga. July 3, 2013). Plaintiff argues that his invasion of privacy claim should be analyzed under Georgia law and, in his proposed sur-reply brief, points out that the Gibson decision was issued by a federal court. (Doc. 36-1). This explanation was

not necessary or helpful to me.  Accordingly, Plaintiff's motion for leave to file a sur-reply (Doc. 36) is **DENIED**.

## V.   CONCLUSION

For the reasons stated, I **RECOMMEND** that Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (Doc. 29) be **GRANTED IN PART and DENIED IN PART**.  I **RECOMMEND** that Defendant's motion to dismiss Plaintiff's FDCPA claims (Count 1) be **GRANTED** with regard to Plaintiff's claims under 15 U.S.C. §§ 1692c, 1692e, 1692f, and 1692i; and **DENIED** as to Plaintiff's claims under 15 U.S.C. § 1692d.  I further **RECOMMEND** that Defendants' motion to dismiss Plaintiff's invasion of privacy claim (Count 2) and FBPA claim (Count 3) be **GRANTED**.

In addition, Plaintiff's Motion for Leave to File a Sur-Reply (Doc. 36) is **DENIED**.

**SO ORDERED, REPORTED, AND RECOMMENDED** this 8th day of September, 2016.


_____
CATHERINE M. SALINAS
United States Magistrate Judge


21